ROANE, Judge.
This is an action of debt on a penalty conditioned for the performance of covenants, that is to say, a covenant for quiet enjoyment of a tract of land: it is brought by the heir of the original obligee; and the grounds on which he sets up his right, are, 1. That the bond is payable to Peter Eppes, his heirs, executors and administrators. 2. That the eviction is alleged to have been since the descent of the land to the heir.
It is certainly a. general principle, that an executor is the proper party to recover debts due to the testator; and I have not been able to find a single instance of an action of debt being brought by the heir.
It is admitted, that an heir may bring an action of covenant, upon a covenant running with the land, for a breach in his own time; and the executor may also bring the same action for a breach committed in the life-time of-the testator: And, it is alleged by the counsel for the appellant, that under our act of Assembly, this action is substantially an action of covenant.
If this position were true, it would, perhaps, materially vary the opinion I have formed upon the subject.
Covenants, the performance whereof is secured sby a penalty, are susceptible of a two-fold remedy. 1. An action of debt for the penalty, after the recovery of which the plaintiff cannot resort to the covenant; because, the penalty is a satisfaction for the whole. 2. An action of covenant, in which the plaintiff, waiving the penalty, pro- *25 seeds on the covenants, and may recover more or less than the penalty toties quoties. Lowe v. Peers, 4 Burr. 2225. The party, therefore, has his election; and, in the present ease, the plaintiff has elected to bring an action of debt for the penalty. :
A judgment in this action of debt will he in favor of the plaintiff for the whole penalty, although he cannot, (without a scire facias, assigning new breaches,) sue out execution for more of that penalty than is recovered, as a compensation for the breaches rightly assigned. One action is all that cán be brought upon the penalty, proceeding by way of action of debt; but proceeding by action of covenant, and waiving the penalty, ever so many actions may be brought, and separate judgments will be given in each, for the damages respectively sustained. I am, therefore, warranted in saying, that the position, that this action is substantially an action of covenant, is incorrect.
This opinion is' further confirmed, by considering the end and object of making our act relative to the assign- ■ ment of breaches.
At common law, before that act, in such an action as the present, the plaintiff could only assign a single breach; but, for that breach, he could recover judgment and sue execution, for the whole penalty; which often exceeded the real damage; and, therefore, the defendant was driven into equity for relief. It was to prevent that resort to a Court of Equity, and attain the same purpose in a Court of Common Law, that the act of Assembly was made. * But it never was intended, nor does it operate, to convert the action of debt into an action of covenant.
If, then, this be not, even in substance, an action of covenant, but entirely an action of debt, it is not enough to support it, for the plaintiff to shew, that the heir may take the benefit of a covenant, as appertaining to his inheritance, but he must proceed in that action which the law gives him: And the cases cited on this part of the subject all have reference clearly to an action of covenant.
If this action is sustainable, it vests a right in the present plaintiff to the whole penalty, (subject to his future assignment of breaches,) after which no resort can be had to the covenant itself. The consequence of which is* that *26 the executor is excluded from his for a breach committed jn £he testator’s life-time; whereas, by confining the heir to sue his action of covenant, the executor may also sue his action of covenant, and each of them respectively recover the damages to which they are entitled. '
If it be said, on the other hand, that this action of debt upon the penalty, if sued by the executor, would, on his obtaining a judgment, equally exclude the heir from injuries done in his time, I answer, that the executor is the proper representative of the testator as to bringing actions of debt, that he can have no judgment without a breach; that, if he gets a judgment at all, it must be for the whole penalty; and that this is a consequence growing out of the nature of the security the testater has taken. Nevertheless, it may be that the executor would, in that case, be a trustee in equity, for the damages sustained by the heir. But the only question now before us, is, whether the heir has a legal right to sue an action of debt upon this penalty?
I beg it may be understood, however, that I have formed no opinion (as being unnecessary in the case before us,) whether the present covenant is, or is not, such an one as the heir may sue upon, by action of covenant for an eviction in his time. -
There is no ground, whatever, for the position, that the heir has a right to sue in consequence of the word heirs being inserted in the Teneri of the bond, nor has a single authority been cited to support it.
I am, therefore, of opinion, that the judgment of the District Court ought to be affirmed.
FLEMING, Judge.
The single question is, whether the heir could bring an action of debt upon this bond? Every decedent leaves two representatives; the executor, who represents his personal rights; and the heir who represents his real rights. It is the duty of the executor to collect together the personal estate; of which he is a trustee for payment of debts and legacies; and, therefore, is entitled to sue all actions which relate to the personalty; because, he alone is entitled to the possession of the personal assets, for the purposes just mentioned. But the heir is entitled to the realty; and, therefore, every action, respecting that property, belongs to him. Now, the bond in question related to the lands altogether, and, therefore, constituted no part of the personal estate of the testator; as no breach had happened, or forfeiture incurred during *27 Ms life-time, so as to entitle the executor to a recompense for the damages which the testator had sustained: Consequently, the property in the bond belonged to the heir, as appertaining to the inheritance, which it was intended to secure. For, conditions and covenants real, or such as are annexed to estates, descend to the heir, and he alone can take advantage of them. 3 Bac. Abr. 453, cites [Wootton v. Cooke,] 1 Anders. 53. If the bond had been conditioned for building a house upon the land, and the forfeiture had happened after the death of the testator, it would surely be more consistent with reason and justice that the heir, who was to be benefitted by the building, should have the remedy, whatever it was, in his own power, than that it should belong to the executor; who, having no interest in the matter, would not be concerned, whether the house was built or not. The case of the nomine pcense mentioned in Co. Litt. 162, is expressly applicable; and shews that the interest in conditions and covenants of this kind, vests in the heir. All the foregoing principles more strongly apply In a case like the present, where the land has been lost altogether; and the money recovered is to be in lieu of it. In such a case, it would be strange if the law were to establish the useless security, of a suit first by the executor against the obligor, and then of a suit by the heir against the executor. It is certainly better to say, at once, that he who has the right, has the remedy to assert it. There is a passage in Wentworth’s Off. Ex. which may be thought to militate against this doctrine. But the author appears to me to have had no fixed opinion concerning it. For, in one place he says, the money when recovered by the executor is assets, and' in another that he is trustee for the heir: Both of which cannot be true. But, they serve to shew, however, the oscillation of his own mind upon the subject; and, therefore, but little weight' is attached to his observations with respect to the point. It is said, that there is no case produced of such an action having ever been brought by an heir; but that argument will perhaps apply both ways; for neither has any authority been produced of its having ever been decided, that the action must be brought by the executor: which leaves it equally as uncertain, whether an action, by the executor, could be maintained; and that very uncertainty is of itself a reason, with me, for not sending the plaintiff back to explore the difficulty. Upon the whole, I am for reversing the judgment of the District Court, and entering judgment for the plaintiff.
*28 CARRINGTON, Judge.
I concur with the Judge, who last delivered his opinion; which, if not supported by strict law, is, at least, agreeable to the soundest principles 0f justice and good sense.
But, the law is certainly with the opinion. In 3 Bac. Abr. 65, it is said, that rents in lieu of profits, charters . and writings, relating to lands, go to the heir; and in the passage cited from 3 Bac. Abr. 453, conditions and covenants real, such as are annexed to real estates, go to the Tieir also. So, that the' title to the security seems to be clearly vested in the heir: And, it is admitted, that an action of covenant would have lain for him. But, I cannot discover any reasonable distinction between debt and covenant in such a case. For, in both, the object is to recover compensation for a specific injury done to the inheritance, or in other words to the heir; and why the recovery should in one action enure to the heir, and.in the other to the executor, is very difficult to conceive.' .
The bond in the present case, upon the very face of it, imports that it could not form any part of the personal assess. ’ For, it respected the title to the inheritance only, to'bl ich it was an appendage. The heir, therefore, had a right to it as one of the muniments of his title; and, as the breach happened in his own time, he had a right to sue upon it; and, might bring debt or covenant at his elecf tion. For, if the covenant binds the obligor and his representatives to the heir, the contents of it must belong to the heir likewise; and, the sum being certain, an action of debt to recover it was properly brought.
Indeed, the conduct of the defendant admits the propriety of the action. For, instead of excepting to the form of the action, he has plead over, and stated assets to a certain amount. On which plea, an issue was taken; and, on the trial, a verdict passed for the plaintiff. After which, it would be too much to allow an exception to the action, without clear principles, or the most decisive authorities require it. But, as there are neither in the present ease, I think the judgment of the District Court should be reversed; and, that judgment should be entered for the plaintiff.
LYONS, Judge.
This is a suit at Common Law, and must be decided according to the rules and principles of the Common Law.
*29 By the Common Law, all charters and writings relating to the freehold and inheritance, that is to say, deeds and covenants conveying lands, which can be transferred as I understand it, follow the interest of the land and belong to the heir to protect his title. But, leases, mortgages, judgments and bonds for payment of money, belong to the executor and are assets.
Leases, made by the ancestor, reserving rent to the heir and executor, go to the heir; the rent being incident to the reversion: But, mortgages, bonds payable to the ancestor and heir for money, or in the penal sum, go to the executor; for, the executor shall take advantage of covevants in gross. [Lucy v. Levington, ] 1 Ventr. 175, 2 Lev. 26.
A bond for conveying of land or for further assurances, conveys no estate at Common Law, nor can any estate be recovered by suit upon it. Such a bond will not enable the heir to recover or defend at law; it is not assignable at Common Law, and cannot be transferred to a purchaser: It is, therefore, useless to the heir in that respect. Money, and not land, is to be recovered on it; and, the whole penalty is forfeited by a single breach. It is true .at either party may have recourse to a Court of Equity; the obligee for a specific performance of the condition, and the obligor to be relieved against the penalty, on making compensation. But, at law the action must be for the p - nalty only, and as that is money and a gross sum, the suit must be brought by the executor as° legal representative of the personal estate.
In Wentworth’s Off. Ex. it is said, e< if A. be bound to B. by bond, statute or recognizance for assurance of land, B. dieth, and the land descend to the heir; cr, be it that B. sold the land to C. and assigned to him the bond, &c. yet must the suit,. See. be in the name of the executor of B. and neither of the heir or assignee; and, that which is recovered, will be assets in law to charge the executor as I take it; yet in equity, it pertains to the heir or assignee. Quaere. If the executor meddle not, but only suffer his name to be used.” Wentworth’s Off. Ex. 74. In another place, he has a passage to this effect, (<> many have bonds, statutes, or recognizances for warranty or enjoying of land, or freeing, Sre. from incumbrances in general, or particular. Now, he which hath these, selling the land, may by letter of attorney, lawfully assign them to the party who buyeth land or lease: but this, notwithstanding the inte *30 rest remains in him who selleth, and by his outlawry they may be forfeited, or by himself released, any bond to the contrary notwithstanding; and, if he die, the interest in ]aw wip be in and go to his executors, and in their names only suit or execution may be had or maintained. ' But, if the vendor besides assignment, makes as to the obligation, &c. only the vendee executor, by this the interest after the death of the party, will be in him actually, &c. since none but he can release or discharge, nor any other name need to be used to sue or take benefit thereof.” Ibid. 12.
These passages prove, that bonds for conveyances, and assurances, do not, like covenants in conveyances, run with the land, and become the property of the heir; but, belong to the executor, and if so, the naming of the heir is mere surplusage, and gives'him no right of action.
This doctrine is attended with no inconvenience to the heir, whether the breach be before or after the ancestor’s death: If before, the executor will recover damages for that breach, and a scire facias for future breaches may be brought in his name upon the judgment, until the whole penalty is exhausted; which like the Governor, Justices and other public officers, he would not, perhaps, be allowed to release. If after, the heir must, indeed, jtnake use of the executor’s name in bringing the suit, but the recovery will be for his own benefit. So, that his interest is sufficiently protected.
It was said, that the nomine pcense in a lease may be sued for, and recovered by the heir in his own name; which the appellee’s counsel insists is analogous to the present case. But, that is not so.
For, the nomine pcense like the rent, it is incident to the reversion, and descends to the heir at Common Law. It waits on the rent, and cannot be released until the rent is behind: Non-payment, makes it a duty. [5 Edw. 4, 42,] Yelv. 215; 4 Bac. Abr. 285.
The argument, that the act of Assembly by declaring that the penalty shall be discharged by payment of the damages found, does in effect destroy the distinction between debt and covenant, has no weight with me. For, that act does not alter the nature of the action, but the same judgment for .the penalty is still preserved by. the act, and a collateral relief only given, in order to prevent the necessity of applying to a Court of Equity. So, that the act, instead of confounding the distinction between them, does in express terms support it.
*31 There must have been many bonds for conveyances and assuring of titles in England, yet there is no precedent of any suit or declaration, by an heir, upon such a bond; and, if no such precedent can be shewn, then, according to Littleton’s rule, it is a good argument, that an action lies not, because one was never brought. *
I am therefore of opinion, that there is no error; and that the judgment ought to be affirmed.
PENDLETON, President.
The bond is to Peter Eppes, his heirs or executors, to operate in succession, and not to any two at the same time; to Peter during his life, in which no breach was made, and at his death it became payable to one of his two legal representatives, and not to both. So that the objection that the obligee was liable, at the same time, to be sued by two different persons, does not seem to have any force. The paper and the remedy can belong only to one; and the question is, to which ? The heir is as much the legal representative of the testator as to the real estate, as the executor is as to the personal; and, with the land, the heir takes all deeds and writings relating to them, whether for conveying the title or protecting his quiet enjoyment; with none of which could the executor intermeddle, as it is laid down by Bacon in his 3d vol. 57, (from Roll’s Abr. 919, and Wentw. 63,) where he is professedly treating of the distinct rights of the heir and executor.
The same author in his Sd vol. 4S3, treating of the rights of the heir to take advantage of the conditions or covenants made to the ancestor, • lays down this general principle, “ conditions and covenants real, or such as are annexed to estates, shall go to the heir, and he alone shall take advantage of them.” In a note he makes this obvious distinction, that in case of a breach in the testator’s life-time it shall go to the executor; the land being gone and the substitute money.
But we are embarrassed by the term penalty; which is money; was a debt from the date of the bond; and therefore, at law, must go to the executor.
This, if it could be true, would wholly derange the principles laid down by Bacon: And how is it proved ? I consider it to be the same as timber on the land; if sev *32 erecl in the testator’s life-time, it will go to the executor; if growing, it will belong to the heir. It is laid down in , Co. Litt. 292, that if a man be bound by deed to pay another a sum of money at a future day, a release of all actions before the day shall be a bar; because the debt was a thing in action, and although he could not sue, because it was debitum in prsesenti, solvendum in futuro, yet since the right of action was in him, a release of all actions was a discharge of the debt.
Penalties in their nature, follow the subject they are intended to enforce: And the case put of a nomine poenae 3 Bacon, 453, applies directly in terms, since he states the case of a penalty to enforce the payment of rent; which (that is the penalty) he says ought in reason to go to him who has a right to the rent. So, in the present case, the penalty is to go to him who lost the land intended to be protected by it. But it is said that there is no instance of a suit by the heir for a penalty. I have not searched for the precedent; but believe it would be, at least, as difficult to produce one, of an executor’s suing for the penalty of a bond, which had a condition for quiet enjoyment of land annexed to it, and the condition not broken at the testator’s death.
In this case, the heir has sustained the loss to be recompensed; he is named as obligee in the bond; has rightfully the possession of it; and I can find no principle of the most rigid law to prevent his recovery in the mode he has pursued.
A majority of the Court, therefore, is of opinion that the errors assigned to arrest the judgment, are insufficient for the purpose; and consequently that the judgment of the District Court is erroneous: It is therefore to be reversed, and judgment entered for the plaintiff. *

[* See M'Call v. Turner, 1 Call, Ibid. 219.20] 146, and Barrett & Co. v. tazewell

[* Co. Litt. 81 (b); Roane, J. in de Liv. op. of Court in Alderson v. Bigger’s adm'r. 4 Munf. 530.]

 [See Kingdon, ex'x. v. Nottle, 1 Maw. and Selw. 355; 5 Kingdon, devisee v. Noltle, 4 Maw. and Selw. 53; Jones et al. v. King, 4 Maw. and Selw. 188.]